## UNITED STATES v. OLLER.

## UNITED STATES v. PEKARSKI.

## UNITED STATES v. DONOVAN.

### Cr. 8606, 8608, 8621.

United States District Court,
D. Connecticut.
July 28, 1952.

Walter Staniszewski, Asst. U. S. Atty. District of Connecticut, Middletown, Conn., for the United States.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

SMITH, District Judge.

█ These cases raise the question of the validity of the method followed under the Selective Service Act of 1948, 50 U.S. C.A.Appendix, § 451 et seq., in determining the sincerity of claims of ministerial status and conscientious objection. In regard to the ministerial claim, in each case where ministerial status is claimed, evidence as to the extent to which the registrant was engaged in secular and ministerial work was before the Boards. The Boards having acted on substantial evidence, and no error in interpretation of the definitions of the statute having been shown, the refusal to classify in IVD as a minister, is final, and not to be reviewed here on the facts.

Having failed to classify the registrants in IVD or other classifications lower than 1–0, the Boards were required to consider the claims of registrants to 1–0 classification as conscientious objectors to both combatant and non-combatant military service. On appeal from the local Board's refusal to classify in 1–0 in each case, the Appeal Board, finding on review of the files that no classification lower than 1–0 was justified, was required to call upon the Department of Justice for its advisory opinion on the claim for 1–0 classification.

Investigations were made and reports of the investigations furnished to a hearing officer before whom each registrant then appeared and was examined as to the basis of his claim of conscientious objection to military service. A recommendation of the hearing officer was reviewed by the Department of Justice, approved, and furnished to the Selective Service Appeal Board, with the recommendation of the Department and a brief summary of the results of the investigation.

In the Pekarski case, the Appeal Board complained to the Department of Justice of the incompleteness of the reports of the hearing officer, and of the lack of information as to their factual basis. After the Appeal Board's complaint, a summary or digest of the investigative report was furnished to the Board which, however, was not satisfactory to the Board. The summaries furnished in these cases do not disclose the identity of the witnesses on whose interviews they are based. No opportunity was given the registrants to meet the facts contained in the investigative reports and considered by the hearing officer in making his recommendation, except to the extent that the content of the investigative report may have been reflected in the questions put to the registrant by the hearing officer.

Since the government refuses to make available the investigative reports, or indeed a complete finding of the subordinate facts contained therein on which is based the advisory opinion which the Board is by law bound to consider, neither registrant nor Appeal Board is able to test the reliability of the witnesses to those subordinate facts or to bring forward other witnesses to the same facts to test their accuracy.

█ It would appear that the Appeal Board has just cause for complaint, and, in any case where prejudice has been caused to a registrant by classification which has resulted from consideration of advisory opinions based on facts concealed from him which he might have met and overcome, so also has the registrant just cause for complaint. Where there is such prejudice, there appears to be a lack of that essential fairness in procedure which we term due process.

In the Pekarski case, no prejudice could be shown by the registrant, for the conclusion and recommendation of the hearing officer and the advisory opinion of the Department of Justice were favorable to him. The Appeal Board in that case, therefore, considered nothing derogatory to him which is not in the file which was before it and available to his counsel in the criminal case.

In the cases of Oller and Donovan, it may be that the hearing officer did in fact make known by his questions to the registrant the full substance of the adverse evidence contained in the investigative reports and that the registrant's opportunity to meet it could be considered to have afforded him a fair hearing even though the

**56**

names of informants were not made known to him. In the absence of the FBI reports, the Court cannot be certain.

■ The Department, however, has taken the position with which the Court has agreed, that its determination that the reports be held confidential was within its statutory authority. Order of the Attorney General No. 3229; 5 U.S.C.A. § 22, United States ex rel. Touhy v. Ragen [1951] 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417.

■ The Court, on the criminal trials, in the absence of the production of the reports and a full record of the hearing before the hearing officer is unable to find that the use of the withheld reports as a basis for an adverse finding was other than prejudicial to the registrant.

Oller and Donovan must, therefore, be acquitted since the use of the adverse opinion of the Department of Justice in determining the classification while concealing the basis of the opinion, denied the defendants due process of law and made the classification illegal.

■ In Pekarski's case, as indicated, this defense is not available, for he was not prejudiced by the advisory opinion. He claims, however, that there was no basis in fact for the Appeal Board's classification.

The Board is, of course, correct in holding that conscientious objection is to be determined by an analysis of the content and sincerity of the individual beliefs of the registrant, as well as their origin in religious training and belief.

The Appeal Board felt that Pekarski had not established that service of any kind in the armed forces would be "a sin in the mind and heart" of the registrant. While it is difficult to perceive the reason for the distinction made by the Board between his objection to combatant and non-combatant service, he did state in his form No. 150 that he was opposed to fighting with carnal weapons. It also had the transcript of the hearing before the local Board in which the registrant testified that, in his belief, the Bible does believe in defending yourself but not with weapons.

In view of this, the Court cannot say that the Board was in error in concluding that Pekarski had failed to establish a conscientious objection to non-combatant service even though he refused to accept such service.

A finding of guilty will be entered in the case of Pekarski.

A finding of not guilty will be entered in the cases of Oller and Donovan.

Pekarski may be presented for sentence on Tuesday, September 2, 1952, at 10:30 o'clock, A.M. at Hartford.