### UNITED STATES v. PEKARSKI.
#### No. 5, Docket 22636.

United States Court of Appeals
Second Circuit.

Argued Oct. 7, 1953.

Decided Oct. 23, 1953.

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Adrian W. Maher, U. S. Atty., Hartford, Conn., Walter P. Staniszewski, Asst. U. S. Atty., Middletown, for appellee.

Before CHASE, Chief Judge, and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appellant was indicted for failing to submit to induction into the armed forces of the United States in violation of Title 50 U.S.C.App., § 462(a). He was found guilty after a trial by court, a jury having been waived, sentenced to imprisonment and admitted to bail pend-

ing this appeal. See United States v. Oller, D.C., 107 F.Supp. 54.

He claimed the right before his local board to be classified I–O as a conscientious objector pursuant to § 6(j) of Title I of the Selective Service Act, 50 U.S. C.App. § 456(j) and 32 C.F.R. § 1622.20 (a) but was given conscientious objector status only in a limited way by being classified I–A–O which made him liable for military training and service in noncombatant duty and this classification was administratively affirmed on appeal. In part he relied for reversal upon his contention that the I–A–O classification was arbitrary and capricious in that the evidence which was accepted by the local board to show that he was a conscientious objector proved such objection to noncombatant duty as well as combatant duty.

He was found to be a bona fide member of a religious sect called Jehovah's Witnesses though not to have spent sufficient time performing the duties of a minister in that order to entitle him to exemption as such. A claim for deferment as a farmer was also made for him and denied. The evidence in support of his right to a I–O classification because of his religious training and belief was undisputed unless the testimony of the registrant that he would use violence to meet violence in self defense, but only wtih his hands and body and not with weapons, creates a conflict and justified the board in concluding that the registrant's objection to noncombatant duty was insincere.

 Though the court may not weigh the evidence before the local board and decisions of the board are final when based on evidence, subject only to administrative appeal, where there is no substantial evidence to support a classification made by the local board jurisdiction is lacking and the order of classification is a nullity. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567. The willingness to act in self defense and then only without weapons appears to us to be no negation of his evidence that he was conscientiously opposed by reason of his religious training and belief to service in the armed forces in noncombatant duty. We cannot distinguish this case from Annett v. United States, 10 Cir., 205 F. 2d 689 which we are disposed to follow in holding that the local board had no evidence before it to support the classification of the registrant I–A–O. Consequently we find it unnecessary to consider an additional ground for reversal upon which the appellant relies.

Judgment reversed and cause remanded with directions to dismiss.