UNITED STATES v. LOWMAN.

No. 6039-C.

United States District Court,
W. D. New York.

Jan. 15, 1954.

John O. Henderson, U. S. Atty., in and for the Western Dist. of N. Y., Buffalo, N. Y., by Richard E. Moot, Asst. U. S. Atty., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant, 22 years of age, has been indicted for refusal to be inducted into the armed services of the United States in violation of Title 50 U.S.C.A.Appendix, § 462.

On May 11, 1953, defendant was arraigned and entered a plea of not guilty to the charge. By consent trial was had to the court without a jury on December 21, 1953, and briefs were filed, the last one on January 5, 1954.

At the trial the Government produced the file of the Local Board No. 63, Erie, Pennsylvania, containing its data in relation to defendant, which defendant's counsel stipulated might be marked in evidence without further proof. From this file it appears that defendant prepared the Selective Service System Classification Questionnaire which was received by the Local Board on February 5, 1951. In his original questionnaire defendant stated that he is a minister of religion and had been a minister of Jehovah's Witnesses since April 1, 1945; that he was ordained August 7, 1946, and further "I am a student preparing for the ministry under the direction of Watchtower Bible and Tract Society in a theological or divinity school. * * * I am attending the Theocratic Ministry School located at 716 French St., Erie, Pa." While the file is replete with affidavits and state-ments, since the filing of the questionnaire, of his being a Jehovah's Witness, including the certificate of the organization's president, and a "full time" minister despite defendant's having stated in his questionnaire that he was a part time serviceman working "an average of 40 hours per week."

Defendant also filed a special form for conscientious objector on February 9, 1951, subject to his "claim under Sections 6(g) and 16(g) of the Act," to which was attached a "Certificate for Pioneer" of the Watchtower Bible and Tract Society signed and verified by T. J. Sullivan, Superintendent of Ministers and Evangelists. The certificate states as follows:

"Certificate for Pioneer

"This is to certify that Richard E. Lowman is a duly ordained minister of Jehovah's witnesses, engaged, as his customary vocation, in preaching and teaching the principles of this Society and administering the rites and ceremonies thereof in public worship.

"He has been duly ordained in accordance with the principles prescribed by this Society. This was by a public ceremonial on July, 1946 whereby he confessed in the presence of witnesses that his life thereafter dedicated to service of Almighty God Jehovah as a minister and to follow in the footsteps of Christ Jesus preaching His kingdom of righteousness. Since such date he has been recognized by this Society as qualified to represent it in such capacity.

"He was duly appointed on September 1, 1950 as a 'pioneer' minister and acts as a direct representative of this organization and has since been organizing and establishing churches and generally preaching the doctrine and principles of Jehovah's witnesses in a territory assigned to him. He is authorized to perform the ordinary rites and ceremonies recognized and

employed by Jehovah's witnesses, such as the baptismal ceremony, the burial ceremony, etc.

"He is therefore declared and certified by this Society to be, in accordance with its principles, a duly ordained minister, having the qualifications to preach 'the gospel of God's kingdom'. (Isaiah 61:1, 2; Matthew 24:14)"

A letter addressed to the Local Board by M. R. Hamilton, Company Servant for Jehovah's Witnesses of Erie, Pa., East Unit, he states: "He (defendant) is now one of the official Servants of the Company of Jehovah's Witnesses * *. Mr. Lowman is truly a full time Minister of our religion, which is recognized as a legal religious organization."

On the original Questionnaire defendant was classified 1–A. Thereupon he appealed to the Local Board and asked for a personal appearance which was granted and resulted in a classification of IV–E. On appeal therefrom to the State Appeal Board defendant on December 14, 1951, was classified as 1–O. The file was then sent by the Appeal Board, State of Pennsylvania, to the United States Attorney for review and hearing, with a transmittal letter stating:

"The file of the above registrant (this defendant) has been reviewed by members of the Appeal Board and they are of the opinion that he is not entitled to a class lower than Class 4–E or to Class 4–E. * *."

The Hearing Officer conducted a hearing pursuant to Section 6(j) of the Act of 1948 and made a written report with his Conclusions and Recommendation as follows:

"Conclusions:

"On the basis of the facts appearing in the record furnished me and the facts which were supplied me by C. O. Luce, Company Servant of Jehovah's Witnesses of Erie, Pa., West Unit, and M. R. Hamilton, Company Servant of Jehovah's Witnesses of Erie, Pa., East Unit, who accompanied registrant at the hearing in my office, I am satisfied that this registrant has been actually engaged in ministerial Work since September 1, 1950. The registrant stated that he works at Zurn Manufacturing Company on Monday, Wednesday and Friday of each week in order to support himself, but that when he is not working, he is engaged in ministerial work. I was informed by Messrs. Luce and Hamilton that no one connected with Jehovah's Witnesses, engaged in ministerial work, receives any compensation and hence it would appear essential to the existence of those engaged in ministerial work that they have some employment.

"As I read Section 16 of Title 1 of the Act, registrant does not seem to come within the meaning of the language under (g)(1) as a person 'who as his regular and customary vocation, preaches and teaches the principles of religion * * *' and it would appear that classification in Class IV–E was in order.

"On the basis of the foregoing, it seems to me that the IV–E classification which the registrant now has is supported by the facts in the record. It is my understanding that I have no authority to pass upon his claim to a ministerial classification. However, I venture to suggest the advisability of an authoritative ruling as to whether ministers of Jehovah's Witnesses sect qualify for a ministerial classification under the Selective Service Act of 1948.

"Recommendation:

"That registrant be continued in Class IV–E."

Attached to the report of the Hearing Officer is a supplement to the summary of the Federal Bureau of Investigation indicating interviews with fourteen unnamed persons and defendant's father

all of which tend to sustain the sincerity of defendant in his religious beliefs and the practice by him including his conduct of religious meetings.

On the return of the file to the Local Board it appears that defendant was reclassified 1–A. Thereafter, defendant refused to be inducted and his conduct has resulted in the present trial. Defendant's claim as a conscientious objector has been treated by the Local Board with like result, Class 1–A.

■ While this Court has no intention to weigh the evidence before the Local Board or the decisions of the Local Board, there is imposed a duty to examine that evidence to determine whether the classification made by the Local Board has some proof of a proper factual basis incompatible with defendant's proof of exemption. Dickinson v. United States, 74 S.Ct. 153; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Goff v. United States, 4 Cir., 135 F.2d 610; Schuman v. United States, 9 Cir., 208 F.2d 801.

■ There is no doubt as to the sincerity of defendant for his belief and that he is an honest conscientious objector as well as a minister of religion. Without some proof to the contrary, the local board had no evidence before it to support the classification of defendant as 1–A. Annett v. United States, 10 Cir., 205 F.2d 689; United States v. Pekarski, 2 Cir., 207 F.2d 930; Taffs v. United States, 8 Cir., 208 F.2d 329; United States v. Milakovich, D.C.S.D. N.Y., April 6, 1953, Sugarman, D. J.; United States v. Hartman, 2 Cir., 209 F.2d 366.

Having searched the record for some affirmative evidence to support the local board in its overt finding that defendant has been dishonest or failed to give the board complete and accurate proof of his activities, none has been found.

Defendant's motion for judgment of acquittal is granted and defendant is discharged.