UNITED STATES v. BENZING.
No. 5862–C.

United States District Court,
W. D. New York.

Jan. 15, 1954.

John O. Henderson, U. S. Atty. in and for the Western Dist. of N. Y., Buffalo, N. Y., by Richard E. Moot, Asst. U. S. Atty., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant filed with his Local Board a Selective Service System Questionnaire and a Special Form for Conscientious Objector in both of which forms he related his membership in Jehovah's Witnesses, his religious beliefs and objections to war, and that he is a minister of religion. The Local Board classified defendant 1–A, and a "personal hearing" on his claim as a minister of religion was sought and granted him, which resulted

in a reclassification 1–A–O. A request was made by defendant for review by the Appeal Board by which he was reclassified 1–O. The State Director appealed to the National Selective Service Appeal Board from the classification 1–O on the basis of "information obtained from the registrant indicates that this man does practice as his principal vocation the preaching and teaching of religion and that he therefore meets the requirements of Selective Service regulations for classification in Class 4–D", which appeal resulted in the classification 1–A, and the Local Board reclassified defendant 1–A. Defendant had received his physical examination and was ordered to report for induction. Defendant refused to be inducted whereupon he was indicted, arraigned, entered a plea of not guilty and, by consent, was tried to the Court without a jury. Motion was made to acquit and discharge the defendant.

The file contains not only the claim of defendant personally for a classification IV–D but his claim is supported by affidavits, statements, letters, certificates and publications. The Hearing Officer, in his report, stated:

> "That registrant, Floyd E. Benzing, has established satisfactorily the position taken by him as a conscientious objector and that the action of Local Board No. 87 in classifying him in Class 1–AO should be reversed and he should be given classification as a conscientious objector to all military service."

The sincerity of defendant with respect to his religious belief has not been challenged. The sole question to be determined is whether defendant by his conduct meets the qualifications prescribed by § 456(g), 50 U.S.C.A.Appendix, sufficiently that a classification 1–A would be arbitrary and capricious. The question must be answered in the affirmative. See United States v. Lowman, D.C., 117 F.Supp. 595, and cases therein cited.

Defendant's motion for judgment of acquittal is granted and defendant is discharged.