**UNITED STATES v. SICURELLA.**

**No. 11012.**

United States Court of Appeals
Seventh Circuit.

June 15, 1954.

Hayden C. Covington, Brooklyn, N. Y., Karl M. Milgrom, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., James B. Parsons, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

This appeal is companion to United States v. Simmons, 7 Cir., 213 F.2d 901. Although the cases were combined for oral argument, separate opinions seem desirable for purposes of clarity.

The appeal is taken from a judgment of conviction of refusing to submit to induction into the armed forces in violation of 50 U.S.C.A.Appendix, § 462. In his questionnaire appellant stated that he was an ordained minister of Jehovah's Witnesses and a student at a ministry school operated by that sect. He asserted a right to a IV-D, minister of religion classification. This claim was ultimately denied by the selective service authorities and is not in issue before us.

In his questionnaire appellant asserted no claim to conscientious objector status. After denial of his ministerial claim, he filed an application for a I-O, conscientious objector, classification, in which he asserted that by reason of his religious training and belief he was conscientiously opposed to participation in war in any form. He was granted a hearing on this claim by his local board, which classified him I-A. Appellant took an appeal from this classification to the state appeal board. His file was referred by the appeal board to the Department of Justice for its investigation and recommendation. An investigation was conducted by the F.B.I. A hearing was held before a Department hearing officer at which appellant appeared, together with a number of witnesses in his behalf. At his trial he testified that he asked the hearing officer for a summary of the adverse evidence contained in his F.B.I. file. He quoted the hearing officer as answering, "There is no use telling you, because it is favorable." The hearing officer recommended to the Department that his claim be sustained. Because appellant had expressed a willingness to use force in defense of "Kingdom Interests", and therefore was not opposed to war in any form, the Department of Justice in its report recommended to the appeal board that his claim be denied and that he be classified I-A.

The appeal board classified him I-A and the induction order followed. Appellant admits that he refused to submit to induction when ordered to do so, but contends that the order is void, averring that there is no basis in fact for denying his conscientious objector claim and that he was denied due process of law in certain stages of the classification process to be subsequently related.

We have previously outlined the principles guiding our determination of the basis in fact question in the opinion in United States v. Simmons. Applying those principles, on the record before us we cannot say that the appeal board's denial of appellant's claim was without basis in fact. The question whether a belief in the use of force in self-defense and in theocratic warfare is incompatible with a claim of conscientious objection has been considered by the courts of several circuits. In United States v. Dal Santo, 7 Cir., 205 F.2d 429, 433, certiorari denied 346 U.S. 858, 74 S.Ct. 71, we expressed the view that a denial of a conscientious objector classification solely on the basis that, "believing in self-defense," a registrant "could not qualify as a conscientious objector" would, at most, constitute an erroneous classification which would be final and not subject to correction by judicial review. In Annett v. United States, 205 F.2d 689, the Court of Appeals for the Tenth Circuit, one judge dissenting, held void a classification denying Annett's claim to conscientious objector status which the court found was based solely on the defendant's expressed belief in the use of force in self-defense. This decision has been followed in United States v. Taffs, 8 Cir., 208 F.2d 329, certiorari denied 347 U.S. 928, 74 S.Ct. 532; United States v. Hartman, 2 Cir., 209 F.2d 366; and United States v. Pekarski, 2 Cir., 207 F.2d 930.

In view of the most recent pronouncement by the Supreme Court in Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 157, that courts may not apply "a test of 'substantial evidence'" to this type of case, it would appear that the cases last cited rest on an incorrect theory of the scope of judicial review, thus rendering their authoritative value speculative. The majority of the court in the Annett case treated the expression of belief in the use of force for limited purposes as evidentiary but reversed Annett's conviction because of a "lack of any substantial evidence" to support the board's denial of his conscientious objector claim. The court in the Pekarski case reiterated this test in holding a classification order void because supported by "no substantial evidence." The courts in the Hartman and Taffs cases based their decisions solely on the basis of the majority opinion in Annett without the benefit of any discussion of the merits of that decision.

We think that this court, speaking through Judge Duffy, expressed the correct view in the Dal Santo case. Whether or not appellant's willingness to use force in defense of "Kingdom Interests" is incompatible with a claim of conscientious objection to participation in war, his statement is an appropriate factor for the board to consider when ruling on his claim as bearing on the question whether he has brought himself within the statutory privilege. Furthermore, this circumstance does not stand alone in the record before us. Statements made by appellant in his SSS Form 150 express an objection to any and all obedience to secular authority. Thus he stated that he is "no part of this world which is governed by political systems," that he conscientiously objects "to serving in any military establishment or any civilian arrangement that substitutes for military service" and that he "cannot desert the forces of Jehovah to assume the obligations of a soldier of this world without being guilty of desertion."

Two things are apparent on the face of these statements, i. e., that appellant sets himself separate and apart from all other persons as immune from the constitutional dictates of the national government and that he is asserting a claim of exemption extending to both military and civilian service under the Act, a claim which goes beyond the statutory exemption. 50 U.S.C.A.Appendix, § 456 (j). These claims are consistent only with objections to any command of governmental authority, but do not *per se* establish that deep seated conscientious belief which would entitle appellant to the claimed exemption. On this basis the board could conclude that appellant had not proved himself within the terms of the statutory privilege. Only the boards, local and appellate, are empowered to make that determination. We cannot say that the order here challenged is without a basis in fact.

Equally wanting in merit is appellant's contention that the order is tainted by fatal error on the part of the Department of Justice and therefore void. This contention is twofold, viz., that the Department erred in rejecting the hearing officer's recommendation that appellant's claim be allowed and that the recommendation to the appeal board was based on an erroneous ground that a belief in the use of force under certain circumstances is incompatible with a claim of conscientious objection to war. Suffice it to state as to the former that the hearing officer's report is merely advisory and only one of the factors considered by the Department in framing its recommendation to the board. As to the latter, if we assume that the Department's recommendation to the appeal board was based on an erroneous ground, that report is advisory only and was, as we have previously indicated, predicated on an evidentiary factor competent for consideration by the appeal board, the body charged by the Act with the duty to make the determinative judgment on each appealing registrant's claim. 50 U.S.C.A.Appendix, § 456(j); United States v. Nugent, 346 U.S. 1, 9, 73 S.Ct. 991, 97 L.Ed. 1417.

**914**

■ For the reasons stated in United States v. Simmons, appellant's principal contentions must also fail. As did Simmons, appellant contended below that he was entitled as a matter of right to a full summary of the adverse evidence in his F.B.I. file at the time of his Justice Department hearing and that, therefore, the file must be produced at his trial to enable the court to determine whether he was given this requisite summary. To this end he procured the issuance of a subpoena *duces tecum* to compel the production of the file at his trial. On the government's motion, the court below quashed the subpoena. This action is assigned as error. In view of what was said in the Simmons case, it is sufficient to state that no prejudice to appellant is shown on the face of the record.

Appellant testified that he was told by the hearing officer that the F.B.I. report was favorable to his claim. The report of the Department of Justice to the appeal board states that the evidence in the file is favorable and that the Department placed no credence in an adverse opinion by one person questioned by the F.B.I. "who could offer no facts to substantiate" this opinion. The file was never before the appeal board; nothing before that body indicated that any adverse evidence was contained in it. This situation is essentially similar to that which the Supreme Court recited as refuting an alleged denial of the right to be advised of evidence adverse to the registrant's claim in United States v. Nugent (United States v. Packer), 346 U.S. at page 7, note 10, 73 S.Ct. at page 995. Appellant cannot have been prejudiced by adverse evidence, if any, contained in the secret file. That file was irrelevant to any issue before the court below and the court properly quashed the subpoena.

On the record before us we cannot say that the denial of appellant's claim was without basis in fact or that appellant was denied due process of law in any stage of the administrative process. The judgment is affirmed.