**Jerry Gene MAYFIELD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15094.**

United States Court of Appeals,
Fifth Circuit.

March 31, 1955.

Tom S. Williams, Houston, Tex., Hayden C. Covington, Brooklyn, N. Y., for appellant.

William O. Braecklein, Asst. U. S. Atty., Dallas, Tex., Heard L. Floore, U. S. Atty., Warren C. Logan, Jr., Asst. U. S. Atty., Fort Worth, Tex., for appellee.

Before BORAH and TUTTLE, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

The Government states in its brief:

"Appellee submits that there is only one real question presented to the court in this case and that is whether or not there was any basis in fact for the appeal board classifying appellant I-A, thereby rejecting his requested classification as a conscientious objector."

It argues that Mayfield's contentions boil down to the proposition that he is claiming exemption as a conscientious objector and in its brief appellee says:

"The courts have further drawn a distinction between cases involving registrants who claim a ministerial status and, as we have in this case, a registrant who claims conscientious objector classification. The court in United States v. Simmons, 7 Cir., 1954, 213 F.2d 901 called attention to the fact that 'a claim of ministerial status' is susceptible of 'exact proof or disproof' whereas 'a claim of conscientious objector status' depends on properly and accurately appraising the claimant's conscience. The court went on to say at page 905:

" 'Espousal of certain beliefs coincident with pressing induction de-

mands, when coupled with other evidence which casts a doubt on the sincerity of an individual claimant may well support an inference that the espousal of the religious beliefs was motivated not by conscience but by a desire to remain a civilian. We cannot close the door to the selective service board's use of any valid inference in ruling on classification questions. To do so would disembowel the statute and refute the express Congressional purpose in its enactment.'

"Appellee readily admits that several of the more recent Circuit Court decisions appear to stand for the proposition that appellant, by admitting he would use force to defend himself, his family and his fellow church members, does not thereby waive or lose his right to be classified as a conscientious objector. Taffs v. United States, 8 Cir., 1953, 208 F.2d 329 [certiorari] den[ied], [347 U.S. 928], 74 S.Ct. 532, [98 L. Ed. 1081]; United States v. Hartman, 2 Cir., 1954, 209 F.2d 366; United States v. Pekarski, 2 Cir., 1953, 207 F.2d 930; Annett v. United States [10 Cir., 205 F.2d 689], and Jessen v. United States, 10 Cir., 1954, 212 F.2d 897.

"Appellee takes the position, notwithstanding the above authorities, that the better rule is laid down and announced by the Seventh Circuit in United States v. Sicurella, [213 F.2d 911]."

After citing and analyzing numerous decisions, the Government bases its conclusions mainly upon the proposition that he, Mayfield, had sought exemption both as a minister and as a conscientious objector, and having found that only the latter was tenable, it concluded that since he was willing to fight in defense of himself, his faith and fellow members, he did not meet requirements, that he had to be opposed to war in any form. As shown by the foregoing quotation from its brief, the Government relies primarily upon the Simmons and Sicurella cas-

es, both of which were reversed on March 14th by the Supreme Court, 75 S.Ct. 397; 75 S.Ct. 403, the Court holding that willingness to fight under the circumstances stated was not within the meaning of the Act and did not prevent his claiming the exemption as a conscientious objector.

There being no evidence to dispute that offered by appellant in support of his exemption as a conscientious objector, the Board could not arbitrarily disregard it, and deny the exemption merely because he had also claimed to be a minister. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Jessen v. United States, supra; Weaver v. United States, 8 Cir., 210 F.2d 815.

Reversed.